UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY ANNE L. COURTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:05CV94 LMB |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

BRIEF IN SUPPORT OF THE ANSWER

Nature of Action and Prior Proceedings

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. Section 405(g) provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration.

Plaintiff filed an application for disabled widow's benefits under Title II, based on the earnings record of her deceased husband, Michael Lee Courter, as well as her own work record (Tr. 32-34).

The claim was denied initially (Tr. 24-28). On December 9, 2004, following a hearing, an administrative law judge (ALJ) found that Plaintiff was not under a "disability" as defined in the Social Security Act (Tr. 12-20). On April 15, 2005, the Appeals Council of the Social Security Administration denied Plaintiff's request for review (Tr. 3-5). Thus, the decision of the ALJ stands as the final decision of the Commissioner. Plaintiff had previously applied for disability benefits, which were denied at the initial level on July 14, 2000, and not further pursued (Tr. 46).

1

Statement of Facts

In her application for disability benefits filed on November 8, 2002, Plaintiff alleged that she became disabled on January 15, 1999 (Tr. 13, 32-34). She stated that she was five-feet and six inches tall and weighed 145 pounds (Tr. 36). In her Disability Report, Plaintiff listed her impairments as depression, fibromyalgia, chronic back pain, and chronic fatigue (Tr. 37). Plaintiff stated that she completed high school and one year of college (Tr. 43). She previously worked as a rural postal carrier (Tr. 38). Defendant does not contest the statement of facts contained in Plaintiff's brief. Additional medical evidence and hearing testimony are more fully set forth in the Argument portion below.

Statement of the Issues

The general issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole.

Standard of Review

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. See Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. See Kelley v. Callahan, 133 F.3d 583, 587 (8th Cir. 1998). Evidence that both supports and detracts from the Commissioner's decision should be considered, and an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. See Id. If, after reviewing the record, the Court

finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the Court must affirm the decision of the Commissioner. See Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000) (citations omitted).

<u>Argument</u>

Plaintiff alleged that she was disabled due to fibromyalgia, chronic fatigue syndrome, depression, and back pain (Tr. 32-34). After careful consideration of the entire record, the ALJ determined that Plaintiff had severe impairments, including, a history of depression, mild myofascial disease, and fibromyalgia, but did not have an impairment or combination of impairments that either met or equaled those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing of Impairments (Tr. 19).

The ALJ determined that when Plaintiff had the RFC to perform at the level of light work per 20 C.F.R. § 404.1567(b) (Tr. 19). Specifically, the ALJ found that Plaintiff could perform work that did not require her to lift more than 20 pounds occasionally, ten pounds frequently, did not require her to stand, walk, or sit for more than six hours in an eight-hour work day (Tr. 24). Frequent climbing, balancing, stooping, kneeling, crouching, crawling, reaching, handling, and fingering were allowed (Tr. 19). The ALJ did note that Plaintiff had mild limitations with attention, understanding, memory, pace, and concentration (Tr. 19). Per vocational expert testimony, the ALJ found that Plaintiff would not be able to return to her past relevant work as a rural mail carrier (Tr. 19, 153). However, she could perform all unskilled, light work in the national economy, and was, therefore, not disabled (Tr. 19-20, 153).

I.      The ALJ Properly Assessed Plaintiff's Credibility

Plaintiff argues that the ALJ erred in that he did not properly evaluate Plaintiff's credibility. Plaintiff's Brief at pp. 11-15. This argument is without merit.

Plaintiff faults the ALJ for the failure to cite Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). The ALJ hearing the case was actually from Los Angeles, CA (Tr. 9). It is not uncommon for the Commissioner to direct ALJ's to hear cases from outside their regions. The Commissioner administers a national program and must be permitted to efficiently use her resources to minimize the time any individual must wait for an ALJ hearing. There is no error in the omission of a Polaski citation. Here, the ALJ cited to the appropriate regulation, 20 C.F.R. § 404.1529 ("How We Evaluate Symptoms, Including Pain") and Social Security Ruling (SSR) 96-7p (Tr. 16). Contrary to Plaintiff's apparent suggestion, there is no requirement that ALJ's must cite to the Polaski case. The regulation, 20 C.F.R. § 404.1529 was developed at least partially in response to the Polaski case, and as the Eighth Circuit has recently noted, the regulation "largely mirrors Polaski." See Randolph v. Barnhart, 386 F.3d 835, 841-42 (8th Cir. 2004).

In any event, the ALJ followed the five-step sequential order of evaluation set out in 20 C.F.R. § 404.1520 and the approriate factors for evaluating subjective complaints set forth in Agency regulations. The factors that the Commissioner must consider include: objective medical evidence; Plaintiff's work record; evidence relating to Plaintiff's daily activities; the duration, intensity and frequency of pain; dosage, effectiveness and side effects of medication;

4

precipitating and aggravating factors; and functional restrictions[1]. Id. at 1321-1322. The primary question is not whether Plaintiff experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent him from performing substantial gainful activity. See McGinnis v. Chater, 74 F. 3d 873, 874 (8th Cir. 1996). Where an ALJ specifically discredits a claimant's testimony for stated reasons, the court normally defers to the ALJ's determinations of credibility. See Russell v. Sullivan, 950 F.2d 542, 545 (8th Cir. 1991).

The ALJ noted that Plaintiff's allegations were unsupported by her medical history and the objective medical evidence of record (Tr. 17). Further, given that many, if not all, of Plaintiff's alleged impairments were long-term conditions, she must show a deterioration of that condition to explain why she is unable to work now if she was previously able to work with such conditions. See Russell v. Chater, 91 F.2d 63, 64 (8th Cir. 1996) and Orrick v. Sullivan, 966 F.2d 368, 370 (8th Cir. 1992). She did not make that showing.

As noted by the ALJ, Plaintiff's daily activities were not suggestive of total disability (Tr. 17). For instance, Plaintiff stated that she completed household chores (which she described as light), drove with no problems, shopped for two to three hours at a time, and got out of the house for to five times per week (Tr. 17, 63). As well, Plaintiff described her self-care as normal (Tr. 63). See Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987)(wherein the court found that similar daily activities were not suggestive of disability). While one need not be completely

---

[1] "[An] ALJ [is] not required to discuss methodically each Polaski consideration, so long as he acknowledged and examined those considerations before discounting [the claimant's] subjective complaints." Lowe v. Apfel 226 F.3d 969, 972 (8th Cir. 2000), citing Brown v. Chater, 87 F.3d 963, 966 (8th Cir.1996).

5

bedridden to be found disabled, the ALJ noted that Plaintiff's daily activities were inconsistent with her subjective symptoms (Tr. 17). See Onstead v. Sullivan, 962 F.2d 803, 805 (8th Cir. 1987). As well, Plaintiff stated that her pain relief regiment "helped her a lot" (Tr. 63).

Plaintiff alleged the need to take naps during the day (Tr. 149). This allegation was not supported by the medical evidence. No reference is made to her need to lie down in the medical evidence. If Plaintiff was not reclining out of medical necessity, that indicates that he was reclining by choice. See Brunston v. Shalala, 945 F. Supp. 198, 202 (W.D. Mo. 1996)(the fact that no physician stated that the Plaintiff needed to lie down during the day indicated that the Plaintiff was lying down due to choice rather than medical necessity).

In spite of Plaintiff's long work history (Tr. 35), the ALJ articulated the inconsistencies upon which he relied in discrediting Plaintiff's testimony (Tr. 17-19). Because substantial evidence in the record as a whole supports his credibility findings, the Court should affirm the ALJ's decision that Plaintiff's subjective complaints were not entirely credible. See Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996).

III.   The ALJ Properly Evaluated the Medical Evidence

In regard to Plaintiff's allegation of depression, the ALJ found that this impairment was severe in nature according to Agency regulations (Tr. 19). The evidence of record supports this finding.

Plaintiff was treated at the Princeton Family Physician's Clinic (PFPC) in June 2000 (Tr. 81). Records from that visit indicate that Plaintiff had a history of depression, but had done fairly well on Prozac (Tr. 81). PFPC records of March 2001 indicate that Plaintiff's depression was "doing well" (Tr. 79). In September 2001, a visit to PFPC indicated that Plaintiff depression

6

was "really doing quite well," although Plaintiff stated that she wanted to use Prozac in a weekly form, rather than a daily one (Tr. 76). A visit to PFPC in April 2002 indicated that Plaintiff made good eye contact and was alert and talkative (Tr. 74). The medical record says little else of Plaintiff's allegedly disabling depression, except notations of prescriptions and dosage (Tr. 102).

In any event, regarding any allegation of disabling depression, the ultimate issue is not whether Plaintiff experiences mental difficulties, but whether her subjective complaints are credible to the extent that mental difficulties are disabling. See Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Pickner v. Sullivan, 985 F.2d 402, 404 (8th Cir. 1993). The presence of a mental disturbance is not disabling per se, absent a showing of severe functional loss establishing an inability to engage in substantial gainful activity. See Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990); Dunlap v. Harris, 946 F.2d 637, 638 (8th Cir. 1981). Such a showing was not made here. Plaintiff's allegedly disabling mental condition did not rise to the level of a mental impairment necessary for an award of disability benefits. See Jones v. Callahan, 122 F.3d 1148, 1153 (8th Cir. 1997). The ALJ correctly found that Plaintiff's alleged mental impairment of depression was severe, but not disabling.

Regarding Plaintiff's myofascial pain, back pain, and chronic fatigue, the ALJ rightly found that this impairment was severe in nature but not disabling.

In June 2000, it was noted during a visit to PFPC that "she appears to be doing well and is healthy (Tr. 81). In a visit to PFPC during March 2001, it was noted that Plaintiff claimed she was "doing very well" (Tr. 79). Her back did show some limited range of motion and some obvious underlying discogentic disease (Tr. 79).

A bone density radiology report of May 2001 showed normal bone density (Tr. 93).

7

Plaintiff was examined by Lori Moyers, M.D., in August 2002 (Tr. 102). Dr. Moyers noed that Plaintiff had stomatitis, sacroilitis, climateric syndrome, and depression (Tr. 102). Plaintiff stated that her back pain had been "on and off for years" (Tr. 102).

Dr. Moyers examined Plaintiff in June 2002 and noted, "A complete review of all systems was done today and all findings were negative with the following exceptions:" (Tr. 102). Those exceptions included a number of items, but complaints of aching and swollen joints, stiffness, and fatigue are the only items pertinent here (Tr. 102). However, Dr. Moyers noted that her examination was benign: both upper and lower extremities were essentially normal for Plaintiff's age and gender (Tr. 102). There was no significant joint swelling or limitation to ranges of motion (Tr. 102). The back examination revealed no significant restriction in movement or deformity (Tr. 102).

In August 2002, Plaintiff underwent lumbar spine X-rays (Tr. 105). The results indicated that she had mild degenerative disc space narrowing at L3-4, L4-5, and L5-S1, mild bilateral degenerative facet changes at L4-5 and L5-S1, osteopenia, and minimal levoscoliosis at L4-5 (Tr. 105). The sacrum and sacroiliac joints were said to be within normal limits (Tr. 105).

Given these findings, the ALJ reached the correct conclusion in regards to Plaintiff's myofascial pain, back pain, and chronic fatigue condition.

IV.     The ALJ Made A Proper RFC Determination

It is Plaintiff's burden to prove her RFC and the ALJ assesses an RFC based upon the whole record, not just the medical record. See Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). After properly evaluating Plaintiff's subjective complaints, the ALJ formulated Plaintiff's RFC at step four of the sequential evaluation process based on all the credible

evidence of record (Tr. 13-21). See 20 C.F.R. § 404.1545; see also Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). The ALJ explicitly found Plaintiff could meet the exertional requirements of light work per 20 C.F.R. § 404.1567(b)with some very minor exceptions, including mild limitations with attention, understanding, memory, pace, and concentration (Tr. 19). Because the ALJ found Plaintiff capable of the exertional requirements of light work with only de minimis restrictions, there was no need for vocational expert testimony. However, the ALJ inquired to a vocational expert with a hypothetical that was based upon Plaintiff's RFC (Tr. 153). The ALJ properly relied upon that testimony to find that Plaintiff's RFC would allow her to perform jobs at the full range of light, unskilled work (Tr. 19-20, 153).

As several courts have recently made clear, the Commissioner does not bear the burden of proof with respect to determining the claimant's RFC. "It is the *claimant's burde*n, and not the Social Security Commissioner's burden, to prove the claimant's RFC." Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001) (emphasis added); Montgomery v. Barnhart, 2002 U.S. Dist. LEXIS 5793, at 15 (D. Minn. Mar. 31, 2002). Indeed, as long as there is other evidence in the record which supports an ALJ's determination of a claimant's RFC, the ALJ does not need to order additional examinations of the claimant. See Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). The ALJ need only determine a claimant's RFC based on all the relevant information, as the ALJ in this case did. Id.

## Conclusion

Plaintiff had a fair hearing and full administrative consideration in accordance with applicable statutes and regulations. Substantial evidence on the record as a whole supports the Commissioner's decision. Accordingly, the Commissioner's decision should be affirmed.

9

Respectfully submitted,

CATHERINE L. HANAWAY
UNITED STATES ATTORNEY


   s/ Jane Rund
JANE RUND, Bar #47298
Assistant United States Attorney
111 S. 10th Street, Suite 20.333
St. Louis, Missouri 63102
(314) 539-2200
(314) 539-2777 FAX

OF COUNSEL
Frank V. Smith III
Chief Counsel, Region VII
Social Security Administration

By
  Michael A. Lehr
  Assistant Regional Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2006, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: Andrew R. Tarry, Attorney for Plaintiff, 1020 N. Kingshighway, Suite H, Cape Girardeau, Missouri 63701.

                s/ Jane Rund
                JANE RUND #47298
                Assistant United States Attorney